UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
IAN BENARDO,                                    :

              Plaintiff,                          :
                                        11 CIV 0625 (CM)
                v.                              :

AMERICAN IDOL PRODUCTIONS, INC.,   :

              Defendant.                     :

------------------------------------------------------- X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT


**LOEB & LOEB LLP**
345 Park Avenue
New York, NY 10154
(212) 407-4000

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................1

STATEMENT OF FACTS ..............................................................................................3

I.      Background ........................................................................................................3

II.     Benardo's "Relationship" with American Idol .................................................3

III.    Benardo's Belated and Conclusory Allegations ..............................................4

ARGUMENT ..................................................................................................................6

I.      PLAINTIFF'S CLAIMS ARISING FROM HIS 2006 AUDITION AND MAY
        2007 APPEARANCE ARE TIME-BARRED ...................................................6

II.     PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS BASED ON HIS MAY 2007
        AND MAY 2010 APPEARANCES ARE BARRED BECAUSE THE ALLEGED
        CONDUCT OCCURRED IN CALIFORNIA ...................................................7

III.    BENARDO FAILS TO SUFFICIENTLY PLEAD A GENDER
        STEREOTYPING CLAIM ...............................................................................8

IV.     PLAINTIFF'S DISCRIMINATION CLAIMS FAIL BECAUSE NO ADVERSE
        EMPLOYMENT ACTION IS ALLEGED.......................................................11

V.      PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS FAIL BECAUSE
        THE COMPLAINED-OF CONDUCT CONSISTS OF ISOLATED INCIDENTS
        ONLY ..............................................................................................................12

VI.     THIS ACTION IS IMPROPERLY VENUED IN NEW YORK.......................15

VII.    SUPPLEMENTAL JURISDICTION OVER BENARDO'S STATE AND
        LOCAL CLAIMS SHOULD BE DENIED ......................................................16

CONCLUSION..............................................................................................................17

# TABLE OF AUTHORITIES

CASES

*Beckett v. Prudential Ins. Co. of Am.*,
   893 F. Supp. 234 (S.D.N.Y. 1995) ....................................................................................7

*Butts v. City of N.Y. Dep't of Housing Pres. and Dev.*,
   990 F.2d 1397 (2d Cir. 1993).........................................................................................6

*Canales-Jacobs v. N. Y. State Office of Ct. Admin.*,
   640 F. Supp. 2d 482 (S.D.N.Y. 2009).............................................................................6

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988).....................................................................................................17

*Cutler v. City of N.Y.*,
   No. 09 Civ 5335, 2010 WL 3469474 (S.D.N.Y. Aug. 16, 2010) ...........................17

*Dawson v. Bumble & Bumble*,
   398 F.3d 211 (2d Cir. 2005)......................................................................................9, 10

*Duffy v. Drake Beam Morin*,
   No. 96 Civ 5606, 1998 WL 252063 (S.D.N.Y. May 19, 1998)................................8

*Faragher v. City of Boca Raton*,
   524 U.S. 775 (1998)......................................................................................................14

*Farrugia v. N. Shore Univ. Hosp.*,
   820 N.Y.S.2d 718 (Sup. Ct. N.Y. County 2006) .......................................................13

*Gallo v. Alitalia-Linee Aeree Italiane-Societa*,
   585 F. Supp. 2d 520 (S.D.N.Y. 2008)..........................................................................13

*Garone v. United Parcel Serv., Inc.*,
   436 F. Supp. 2d 448 (E.D.N.Y. 2006), *aff'd sub nom., Sardina v. United Parcel Serv.,*
   *Inc.*, 254 Fed. App'x 108 (2d Cir. 2007) ...............................................................14, 15

*Garrison v. Burke*,
   165 F.3d 565 (7th Cir. 1999) ........................................................................................7

*Gipson v. KAS Snacktime Co.*,
   171 F.3d 574 (8th Cir. 1999) ......................................................................................6-7

*Guzman v. Macy's Retail Holdings, Inc.*,
   No. 09 Civ. 4472, 2010 WL 1222044 (S.D.N.Y. Mar. 29, 2010) ...........................8

*Hammell v. Banque Paribas*,
    780 F. Supp. 196 (S.D.N.Y. 1991) ..................................................................8

*Hanna v. New York Hotel Trades Council*,
    851 N.Y.S.2d 818 (Sup. Ct. N.Y. County 2007) ...................................11, 12, 13, 14

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17 (1993)..................................................................................13

*Hill v. Children's Village*,
    196 F. Supp. 2d 389 (S.D.N.Y. 2002)..........................................................12

*Johnson v. N.Y. State Ins. Fund*,
    No. 04 Civ. 4681, 2005 WL 1538193 (S.D.N.Y. June 29, 2005)....................9, 11

*Kiley v. Am. Soc'y for the Prevention of Cruelty to Animals*,
    No. 06 Civ. 2728, 2006 WL 3457690 (S.D.N.Y. Nov. 28, 2006), *aff'd*, 296 Fed.
    App'x 107 (2d Cir. 2008)................................................................. 9, 10-11

*Koerner v. State of N.Y.*,
    478 N.Y.S.2d 584 (Ct. App. 1984) ..............................................................7

*Konstantopoulos v. Westvaco Corp.*,
    112 F.3d 710 (3d Cir. 1997)......................................................................7

*Kumaga v. New York City Sch. Const. Auth.*,
    910 N.Y.S.2d 405, 2010 WL 1444513 (Sup. Ct. N.Y. County April 2, 2010)........14

*Mauro v. N.Y.C. Transit Auth.*,
    No. 09 Civ. 4732, 2010 WL 1424009 (S.D.N.Y. Apr. 9, 2010) ................... 16-17

*Miller v. N.Y.C. Health & Hosp. Corp.*,
    No. 00 Civ. 140, 2004 WL 1907310 (S.D.N.Y. Aug. 25, 2004) .............................6

*Minnette v. Time Warner*,
    997 F.2d 1023 (2d Cir. 1993)....................................................................16

*Mormol v. Costco Wholesale Corp.*,
    364 F.3d 54 (2d Cir. 2004)......................................................................12

*Ochei v. Mary Manning Walsh Nursing Home Co.*,
    No. 10 Civ. 2548, 2011 WL 744738 (S.D.N.Y. Mar. 1, 2011) ...............................10

*Oncale v. Sundowner Offshore Servs., Inc.*,
    523 U.S. 75 (1998)..................................................................................14

*Pilgrim v. McGraw-Hill Cos., Inc.*,
    599 F. Supp. 2d 462 (S.D.N.Y. 2009)..........................................................7

iii

*Pouncy v. Danka Office Imaging*,
  06 Civ. 4777, 2009 U.S. Dist. LEXIS 44752 (S.D.N.Y. May 19, 2009)..................................8

*Rissman v. Chertoff*,
  No. 08 Civ. 7352, 2008 WL 5191394 (S.D.N.Y. Dec. 12, 2008)...............................................9

*Santos v. Costco Wholesale, Inc.*,
  271 F. Supp. 2d 565 (S.D.N.Y. 2003).........................................................................................8

*Sicular v. N.Y.C. Dept. of Homeless Servs.*,
  No. 09 Civ. 0981, 2010 WL 423013 (S.D.N.Y. Feb. 4, 2010) ................................................14

*Sims v. City of New York*,
  No. 08 Civ. 5965, 2010 WL 3825720 (S.D.N.Y. Sept. 30, 2010) ...........................................13

*Toll v. Am. Airlines, Inc.*,
  166 Fed. App'x 633 (3rd Cir. 2006) .........................................................................................11

*Wenping Tu v. Loan Pricing Corp.*,
  873 N.Y.S.2d 238 (Sup. Ct. N.Y. County 2008) .....................................................................13

*Wharton v. Duke Realty, LLP*,
  467 F. Supp. 2d 381 (S.D.N.Y. 2006).......................................................................................17

*Zhao v. Time, Inc.*,
No. 08 Civ. 8872, 2010 WL 3377498 (S.D.N.Y. Aug. 24, 2010) ...............................................13

**CODES & STATUTES**

28 U.S.C. § 1367(c)(3)..................................................................................................................16

28 U.S.C § 1391(b)(2) ..................................................................................................................15

28 U.S.C. § 1406(a) ......................................................................................................................16

42 USC § 2000e-5(f)(4) ................................................................................................................15

N.Y.C. Admin. Code 2-201 (2003).................................................................................................8

N.Y.C. Admin. Code § 8-502(d).....................................................................................................7

N.Y. Gen. Mun. Law 239-s (1999).................................................................................................8

Defendant American Idol Productions ("AIP") respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the Verified Complaint herein (the "Complaint") of plaintiff Ian Benardo ("Plaintiff" or "Benardo") in its entirety.[1]

## PRELIMINARY STATEMENT

Plaintiff auditioned to be a contestant on the reality television show "American Idol" in August 2006 and then was engaged by AIP, the company that produces "American Idol," to appear on two season finale shows, one in May 2007 and the other three years later in May 2010. Other than on these three isolated and discrete occasions over the course of four years, AIP and Benardo had no relationship (employment or otherwise) with one another.

Plaintiff's claims arise solely from his 2006, 2007 and 2010 one-day appearances. In largely conclusory fashion, Plaintiff alleges that, on such separate and distinct occasions, unidentified AIP employees made isolated and/or unspecified comments allegedly based on his purported gender-related non-conforming appearance in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law § 290, *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, *et seq.* ("NYCHRL").[2]

_____

[1] A copy of the Complaint, dated January 28, 2011, is attached as Exhibit A to the accompanying Declaration of Mark J. Goldberg, (the "Goldberg Decl.").

[2] While Benardo states in paragraph 1 of the Complaint that this action is also brought for "retaliation," he does not actually assert a cause of action for retaliation or allege any facts that would support such a claim. While AIP therefore concludes that Benardo's reference to retaliation is in error, to the extent he intends to assert such a claim, it should be dismissed for failure to state a claim because, as discussed below at page 4, Benardo does not allege that he (nor did he) complain of any discrimination or harassment during his alleged employment with AIP. Further, any such claim for retaliation should also be dismissed based on the other applicable grounds set forth herein.

As shown below, Plaintiff's federal, state and local claims should be dismissed in their entirety. Specifically, Plaintiff's claims should be dismissed for at least the following reasons:

(i)    Benardo's claims stemming from his August 2006 audition and his May 2007 appearance are time barred because they were not filed within the applicable 300-day limitations period for Title VII claims or the applicable three-year limitations period for NYSHRL and NYCHRL claims;

(ii)    the alleged conduct from Benardo's May 2007 and 2010 appearances are outside of the respective jurisdictions of the NYSHRL and the NYCHRL because such alleged conduct is claimed to have occurred entirely outside of New York (*i.e.*, in Los Angeles) by a non-New York resident (AIP);

(iii)    Benardo improperly attempts to re-characterize claims for sexual orientation discrimination and harassment, which are not recognized under Title VII, as gender stereotyping claims, and his gender stereotyping claims are conclusory and insufficiently pled;

(iv)    Benardo fails to state a claim for discrimination as he fails to identify *any* tangible adverse employment action to which he was allegedly subjected;

(v)    the Complaint fails to state a claim for hostile work environment harassment because the conduct of which Benardo complains is insufficiently severe or pervasive;

(vi)    venue in New York is improper as not even a single unlawful employment practice is alleged to have occurred in New York, other than one incident, which is both time-barred and fails to state a claim; and

(vii)    given that Benardo's federal claims should be dismissed at this early stage for the above-described reasons, this Court should decline to exercise supplemental jurisdiction over Benardo's state and local claims.

For all these reasons, AIP respectfully submits that Plaintiff's Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

Except for certain background facts, the facts set forth herein are taken from the Complaint (the allegations from which are presumed to be true solely for purposes of this motion) and from documents incorporated by reference in or integral to the Complaint.

### I.   Background

Defendant AIP produces the highly popular television series named "American Idol," which airs on the FOX television network.  AIP's principal place of business is in Los Angeles County, California.  (*See* Complaint at ¶ 13.)  The "American Idol" series consists of a competition to find new solo singing talent.  Contestants go through various rounds of auditions, and then 24 semi-finalists, and ultimately 12 finalists, compete against one another.  Auditions are typically held across the country in the summer months.  Selected auditions, and the contest between the finalists (which is held in Los Angeles), are then aired from the following January through May.  Season 10 of "American Idol" began airing in January 2011.

### II.   Benardo's "Relationship" with American Idol

Benardo is a 30 year-old gay man.  (Complaint at ¶ 11.)  His first contact with AIP was in August 2006, when he auditioned in New York City to be a contestant for Season 6 of "American Idol."  (*Id.* at ¶ 15.)  Benardo does not allege, nor was there, any other contact or relationship between him and AIP in 2006.  While Benardo's audition aired in January 2007, his next interaction with AIP was nearly a year after his audition, when AIP engaged Benardo to appear in the May 2007 live Season 6 finale in Los Angeles.  (*Id.* at ¶ 18.)  Benardo does not allege, nor was there, *any* relationship between him and AIP following his May 2007 appearance

3

until three years later, when, as a memorable prior contestant, Benardo was engaged to appear in the live May 26, 2010 Season 9 finale in Los Angeles. (*Id.* at ¶ 20.)

Thus, Benardo's involvement with "American Idol" was limited to three discrete periods, each lasting between a day and a few days, over the course of four years. *Further, all the conduct of which Benardo complains took place in Los Angeles County, California, except for that which allegedly occurred during his one-day New York audition in August 2006.*

### III.   Benardo's Belated and Conclusory Allegations

Bernardo does not allege (because he did not) that, during his "relationship" with AIP, he made *any* complaint (to AIP or otherwise) of unlawful discrimination or harassment. Rather, four years after Benardo auditioned for "American Idol" in August 2006 – over three years after Benardo appeared in the May 2007 Season 6 finale and months after he appeared in the May 26, 2010 Season 9 finale – he *first* complained of alleged discrimination and harassment in a July 26, 2010 Complaint filed with the New York State Division of Human Rights (the "NYSDHR Complaint"). The NYSDHR Complaint is annexed to Benardo's initial complaint before this Court (the "Initial Complaint"), which was dismissed by a Decision and Order dated December 6, 2010 because Benardo, at the time, had not been issued a Notice of Right to Sue from the EEOC.[3]

Not only are Benardo's claims belatedly made, but the factual allegations on which they are based are largely conclusory and, to the extent Bernardo does identify a handful of alleged specific statements, such statements are merely isolated comments that relate *solely* to his sexual orientation, not to his alleged gender-related non-conforming appearance, except for arguably

---

[3] A copy of Bernardo's Initial Complaint is attached as Exhibit B to the Goldberg Decl., and a copy of this Court's December 6, 2010 Decision and Order is annexed as Exhibit A to the Complaint.

one comment (*i.e.*, gay it up).  In contrast to the NYSDHR Complaint and the Initial Complaint, the Complaint herein does not assert *any* claims based on sexual orientation (which Title VII does not recognize); rather, the instant Complaint asserts only gender stereotyping claims for discrimination and harassment.  (*See* Complaint ¶¶ 27-74.)

The *only* complained of conduct relating to Benardo's 2006 audition is that *unidentified* employees allegedly told Benardo – in reference to his sexual orientation – to "gay it up." (Complaint ¶ 17.)  Similarly, the only *specific* conduct about which Benardo complains from his 2007 one-day appearance is that *unidentified* employees – again in reference to his sexual orientation – called him "fag" and "homo."  (*Id.* at ¶ 19.)  Lastly, the only *specific* conduct about which Benardo complains from his 2010 one-day appearance is that *unidentified* AIP "representatives" told him to act "outrageous," "extra flamboyant" and "really gay,"  and that an *unidentified* producer allegedly told him – in reference to Benardo's sexual orientation – that he would "shove this mic up your ass, but you would like it."  (*Id.* at ¶¶ 21, 23.)

Thus, Benardo fails to allege *any* specific comments by AIP concerning his alleged gender-related non-conforming appearance.   While Benardo conclusorily alleges that AIP employees demeaned Plaintiff based on his non-traditional gender-appearance and behavior (*Id.* at ¶¶ 19, 22), Benardo (i) fails to identify even a *single* AIP employee who allegedly made such a comment or who allegedly had knowledge of or condoned such a comment, (ii) fails to specify any such comments; and (iii) fails to explain why employees of AIP would allegedly make or condone such alleged comments if, as Benardo alleges, AIP allegedly encouraged him to act in an effeminate manner.  Moreover, although such an allegation is necessary to state a claim for unlawful discrimination, Benardo fails to allege *any* "adverse action" (as defined by applicable case law discussed below) taken by AIP.

## ARGUMENT

## I.

## PLAINTIFF'S CLAIMS ARISING FROM HIS 2006 AUDITION AND MAY 2007 APPEARANCE ARE TIME-BARRED

"When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred. In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days." *Butts v. City of N.Y. Dep't of Housing Pres. and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) (internal citation omitted) (*citing* 42 U.S.C § 2000e-5(e)).

Here, Benardo first filed a complaint with the EEOC on July 26, 2010, when his NYSDHR Complaint was cross-filed with the EEOC. Because such complaint was filed well more than 300 days after his August 2006 audition and May 2007 appearance, such claims must be dismissed as time-barred. *See Canales-Jacobs v. N. Y. State Office of Ct. Admin.*, 640 F. Supp. 2d 482, 501 (S.D.N.Y. 2009) ("Because plaintiff filed her complaint with the State Division of Human Rights on April 19, 2007, . . . under the 300-day rule, any alleged acts of discrimination that occurred prior to June 23, 2006, are not actionable."); *Miller v. N.Y.C. Health & Hosp. Corp.*, No. 00 Civ. 140, 2004 WL 1907310, at *3 (S.D.N.Y. Aug. 25, 2004) (dismissing Title VII claims based on incidents occurring more than 300 days prior to plaintiff's charge of discrimination filed with the NYSDHR).[4]

---

[4] Any argument by Benardo that the continuing violations doctrine saves his time-barred claims would be futile. Plaintiff concedes that the complained of conduct took place at only three separate and distinct times over a four-year period (*i.e.*, in August 2006, May 2007 and May 2010), each lasting only one to a few days, in between which there was no relationship or contact between AIP and Benardo. (*see* Complaint at ¶¶ 15, 18, 19, 21-23.) It is well-settled that the continuing violations doctrine is inapplicable under such circumstances. *See, e.g., Gipson v.*

(footnote continued . . .)

Similarly, under both the NYSHRL and the NYCHRL, an employee has three years from the date of any alleged discriminatory act to file suit thereon. *See Koerner v. State of N.Y.*, 478 N.Y.S.2d 584, 586 (Ct. App. 1984) (recognizing that claims under the NYSHRL are subject to a three-year limitations period); *Pilgrim v. McGraw-Hill Cos.*, 599 F. Supp. 2d 462, 474 (S.D.N.Y. 2009) ("New York HRL and CHRL allow a party three years from the date of any allegedly discriminatory act to file suit."); N.Y.C. Admin. Code § 8-502(d).

Here, Benardo's August 2006 audition and May 2007 appearance occurred more than three years before Benardo filed the Initial Complaint on August 31, 2010 or commenced this action on January 28, 2011. Such claims must therefore be dismissed as time-barred. *See, e.g., Pilgrim*, 599 F. Supp. 2d at 474 (dismissing NYSHRL and NYCHRL claims as time-barred).

## II.

## PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS BASED ON HIS MAY 2007 AND MAY 2010 APPEARANCES ARE BARRED BECAUSE THE ALLEGED CONDUCT OCCURRED IN CALIFORNIA

Plaintiff's NYSHRL and NYCHRL claims based on his 2007 and 2010 appearances fail because the conduct alleged in support thereof is outside of the respective jurisdictions of the NYSHRL and the NYCHRL.

"[T]he NYHRL does not provide a cause of action to a *New York* resident for discriminatory acts committed *outside* of New York by a *foreign* corporation." *Beckett v. Prudential Ins. Co. of Am.*, 893 F. Supp. 234, 238 (S.D.N.Y. 1995) (emphasis in original); *see*

---

(. . . footnote continued)
*KAS Snacktime Co.*, 171 F.3d 574, 580 (8th Cir. 1999) (a 21-month period in which there was no alleged contact between the plaintiff and the harasser precluded finding of continuing violation); *Garrison v. Burke,* 165 F.3d 565 (7th Cir. 1999) (2-year respite from harassment precludes finding of continuing violation); *Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 716 (3d Cir. 1997) (7-month gap between harassing incidents allowed "effects of prior incidents to dissipate" and thus precluded finding of continuing violation).

*also Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472, 2010 WL 1222044, at *10 (S.D.N.Y. Mar. 29, 2010); *Hammell v. Banque Paribas*, 780 F. Supp. 196, 199 (S.D.N.Y. 1991). For the purposes of this rule, "[a] corporation's principal place of business, rather than its state of incorporation, determines its residence." *Guzman*, 2010 WL 1222044, at *10 (citation omitted).

Similarly, "[t]he New York City Administrative Code limits the applicability of the NYCHRL to acts occurring within the boundaries of New York City. *See* N.Y. Gen. Mun. Law 239-s (1999); N.Y.C. Admin. Code 2-201 (2003). To state a claim under the NYCHRL, therefore, a plaintiff must allege that the defendant intentionally discriminated against him within New York City." *Pouncy v. Danka Office Imaging*, 06 Civ. 4777 (RPP), 2009 U.S. Dist. LEXIS 44752, at *40-41 (S.D.N.Y. May 19, 2009); *see also Santos v. Costco Wholesale, Inc.*, 271 F. supp. 2d 565, 571 (S.D.N.Y. 2003); *Guzman*, 2010 WL 1222044, at *11; *Duffy v. Drake Beam Morin,* No. 96 Civ. 5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998).

Here, Benardo concedes that AIP's principle place of business is Los Angeles, California (*see* Complaint ¶ 13), and all of the complained-of conduct from Benardo's 2007 and 2010 appearances occurred in Los Angeles (*see* Complaint at ¶¶ 18-25). Thus, based on the above well-settled authority, such conduct cannot be the basis for claims under either the NYSHRL or the NYCHRL, and Benardo's claims based thereon must be dismissed as a matter of law.

## III.

## BENARDO FAILS TO SUFFICIENTLY PLEAD A GENDER STEREOTYPING CLAIM

Whether denominated as claims for discrimination or harassment, or claims under federal, state or local law, the *only* claims Benardo attempts to assert herein are those for gender stereotyping, *i.e.*, that he was allegedly subjected to discriminatory and harassing comments based on his alleged gender-related non-conforming appearance and behavior. Such claims,

however, must be dismissed in their entirety because (i) all of the *specific* allegations on which such claims are based relate to Benardo's sexual orientation (for which Benardo has not asserted a claim and against which Title VII does not provide protection)[5] and (ii) Benardo's remaining allegations are wholly conclusory, which cannot, as a matter of law, support a gender stereotyping claim.

The only specific comments Benardo alleges concern his sexual orientation (*i.e.*, "fag," "homo," and "would 'shove this mic up your ass, but you would like it'"), except for perhaps one (*i.e.*, "gay it up"), which, even if deemed to relate to Plaintiff's alleged non-conforming behavior as opposed to his sexual orientation, is (as explained below) an act of acceptance and encouragement and, accordingly, does not constitute actionable discrimination or harassment.[6] (*See* Complaint ¶¶ 17, 19, 23.) Indeed, these are the very same comments Benardo alleged in the NYSDHR Complaint and the Initial Complaint in support of his prior sexual orientation claims asserted therein.   Thus, it is clear that, without alleging (because he cannot) *any* specific discriminatory comments concerning his alleged gender-related non-conforming appearance, Benardo is attempting to convert his now-abandoned sexual orientation claims to ones for gender stereotyping.   However, it is well-settled that such "conversion" is not permitted.   Indeed, the Second Circuit has "recognized that a gender stereotyping claim should not be used to 'bootstrap

---

[5] *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 217-18 (2d Cir. 2005) (dismissing plaintiff's sexual orientation claims purportedly brought under Title VII); *Rissman v. Chertoff*, No. 08 Civ. 7352, 2008 WL 5191394, at *2 (S.D.N.Y. Dec. 12, 2008) (same); *Kiley v. Am. Soc'y for the Prevention of Cruelty to Animals*, No. 06 Civ. 2728, 2006 WL 3457690, at *3-4 (S.D.N.Y. Nov. 28, 2006), *aff'd*, 296 Fed. App'x 107 (2d Cir. 2008) (same); *Johnson v. N.Y. State Ins. Fund*, No. 04 Civ. 4681, 2005 WL 1538193, at *2 (S.D.N.Y. June 29, 2005) (same).

[6] While Benardo alleges that AIP did not protect him from Dane Cook's representative calling him a "fucking freakin faggot" (Complaint ¶ 24), he does not allege that AIP made the comment, was aware of the comment or should have anticipated the comment.   Thus, there is no basis to hold AIP responsible for the comment and it is inapposite to this action.

protection for sexual orientation into Title VII.'" *Dawson*, 398 F.3d at 218 (*quoting Simonton v. Runyon*, 232 F.3d 33, 38 (2d Cir. 2000)). As a result, "*district courts in this Circuit have repeatedly rejected attempts by homosexual plaintiffs to assert employment discrimination claims based upon allegations involving sexual orientation by crafting the claim as arising from discrimination based upon gender stereotypes.*" *Id.* at 219 (citing multiple supporting district court cases) (emphasis added). Because this is precisely what Benardo seeks to do here, his gender stereotyping claims must be dismissed.

Further, while Benardo alleges that AIP told him in 2010 to act in an "effeminate" and "gay" manner (*see* Complaint at ¶ 21), the Second Circuit has held that such *acts of acceptance/encouragement do not constitute conduct sufficient to support a gender stereotyping claim. See Dawson*, 398 F.3d at 221-23 (dismissing plaintiff's gender stereotyping claim where evidence failed to show any adverse employment consequences as a result of her appearance and, to the contrary, showed that plaintiff's employer did not find her appearance objectionable).

All of Benardo's remaining allegations are but vague and conclusory assertions that *unidentified* AIP employees made *unspecified* comments that, *in an unspecified* manner, demeaned him based on his alleged non-conforming gender appearance. (Complaint ¶¶ 19, 22.) As *this very Court* just recently recognized, such conclusory allegations are insufficient to support claims for discrimination and harassment. In *Ochei v. Mary Manning Walsh Nursing Home Co.*, No. 10 Civ. 2548, 2011 WL 744738, at *4 (S.D.N.Y. Mar. 1, 2011), this Court dismissed the plaintiff's race discrimination claims, holding that her conclusory allegation that she was subjected to "demeaning racially-charged derogatory remarks from fellow employees" failed to state a claim without alleging actual "racially charged" quotes. *See also Kiley*, 2006 WL 3457690, at *4 (granting motion to dismiss plaintiff's gender stereotyping claims where "her

complaint simply state[d] legal conclusions and summary characterizations [of alleged gender stereotyping] as if they were facts"); *Johnson*, 2005 WL 1538193, at *3 (granting motion to dismiss plaintiff's gender stereotyping claim; conclusory allegations that "employer expressed prejudice against [plaintiff's] appearance" and that employer "denied employment because of what [plaintiff] wore[,] what [he] said[, and] who [he] was" failed to "specify what it is that Defendant allegedly found objectionable about [plaintiff's] appearance, speech, and clothing") (some alterations in original).

Thus, because Benardo has failed to quote any actionable comments based on his alleged non-conforming appearance, and because his remaining allegations concerning demeaning comments consist of mere "legal conclusions and summary characterizations," there is absolutely no basis for his gender stereotyping claims and, accordingly, his Complaint must be dismissed in its entirety.

## IV.

## PLAINTIFF'S DISCRIMINATION CLAIMS FAIL BECAUSE NO ADVERSE EMPLOYMENT ACTION IS ALLEGED

Benardo's discrimination claims (*i.e.*, his first, third and fifth claims) fail as a matter of law because he fails to allege *any* adverse employment action taken by AIP against him, much less any such action based on his purported non-conforming appearance.  In order to state a cognizable claim for discrimination under Title VII, the NYSHRL and the NYCHRL, a plaintiff must allege that he "suffered a *tangible adverse employment action* such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a significant change in benefits." *Toll v. Am. Airlines, Inc.*, 166 Fed. App'x 633, 636-637 (3rd Cir. 2006) (dismissing discrimination claim under Title VII for failure to allege in the complaint an adverse employment action) (emphasis added) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998));

*see also Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 57 (2d Cir. 2004) ("A tangible employment action, . . . 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'") (citing *Burlington Indus.); Hanna v. New York Hotel Trades Council*, 851 N.Y.S.2d 818, 825 (Sup. Ct. N.Y. County 2007) ("An adverse employment action [under the NYCHRL] is no less than a materially adverse change in the terms and conditions of employment[, which] . . . must be more disruptive than a mere inconvenience or an alteration of job responsibilities[, such as] . . . a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.") (citations and internal alterations and quotation marks omitted); *Hill v. Children's Village*, 196 F. Supp. 2d 389, 400 (S.D.N.Y. 2002) (dismissing plaintiff's NYSHRL discrimination claim because the plaintiff failed to allege "a change in working conditions that [wa]s more disruptive than a mere inconvenience or an alteration of job responsibilities") (internal quotation marks omitted).

Here, Benardo fails to allege even a *single* "materially adverse change in the terms and conditions of employment" (as defined by the above-cited cases), much less one based on his alleged gender-related non-conforming appearance.   Accordingly, the Complaint fails to sufficiently plead a claim for discrimination, and such claims must be dismissed.

## V.

## PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS FAIL BECAUSE THE COMPLAINED-OF CONDUCT CONSISTS OF ISOLATED INCIDENTS ONLY

Benardo's hostile work environment harassment claims (*i.e.*, his second, fourth and sixth claims) fail as a matter of law because, even assuming the truth of Plaintiff's allegations, the

complained-of conduct consisted of isolated incidents which would not have been "sufficiently severe or pervasive" so as to have altered the conditions of Benardo's employment, as required by applicable law.

Under Title VII, the NHSHRL and the NYCHRL, a work environment becomes actionable only when it is "permeated with 'discriminatory intimidation, ridicule, and insult' that is '*sufficiently severe or pervasive to alter the conditions of the victim's employment*[.]'" *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (emphasis added) (applying standard to Title VII claims); *see also, e.g., Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni,* 585 F. Supp. 2d 520, 537 (S.D.N.Y. 2008) (same with respect to NYSHRL and NYCHRL claims); *Hanna,* 851 N.Y.S.2d at 822 (same with respect to NYSHRL and NYCHRL claims).[7]

Because Title VII aims to eradicate discrimination and not to enact a "general civility code on the American workplace," *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80 (1998), "simple teasing, offhand comments, and *isolated incidents* (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment,'" *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998) (emphasis added). "In sum, a plaintiff

---

[7] While some cases have held that the "severe or pervasiveness" standard is not applicable to a finding of liability for hostile work environment claims under the NYCHRL, *see Farrugia v. N. Shore University Hosp.,* 820 N.Y.S.2d 718, 725 (Sup. Ct. N.Y. County 2006); *Wenping Tu v. Loan Pricing Corp.,* 873 N.Y.S.2d 238, at *7 (N.Y. Sup. 2008), such a position has not been uniformly adopted and, in some instances, has been expressly rejected, *see Gallo,* 585 F. Supp. 2d at 537; *Hanna,* 851 N.Y.S.2d at 822. Nevertheless, even those courts that have rejected the "severe and pervasiveness" standard under the NYCHRL have held that hostile work environment claims thereunder cannot be based on alleged "petty slights or trivial inconveniences." *Sims v. City of New York,* No. 08 Civ. 5965, 2010 WL 3825720, at *12 (S.D.N.Y. Sept. 30, 2010); *Zhao v. Time, Inc.,* No. 08 Civ. 8872, 2010 WL 3377498, at *23 (S.D.N.Y. Aug. 24, 2010). While Benardo's allegations do not even satisfy this lower standard, the issue of what standard applies is moot because the only allegations alleged to have occurred in New York City, and thus subject to the NYCHRL, are those from 2006, which are time-barred.

must show 'either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment.'" *Garone v. United Parcel Serv., Inc.*, 436 F. Supp. 2d 448, 464 (E.D.N.Y. 2006) (quoting *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 570 (2d Cir.2000)), *aff'd sub nom., Sardina v. United Parcel Serv., Inc.*, 254 Fed. App'x 108 (2d Cir. 2007); *see also Sicular v. N.Y.C. Dept. of Homeless Servs.*, No. 09 Civ. 0981, 2010 WL 423013, at *23 (S.D.N.Y. Feb. 4, 2010) (dismissing hostile work environment claims under Title VII, the NYSHRL and the NYCHRL on the grounds that the alleged conduct amounted to a *few isolated incidents of verbal abuse*); *Kumaga v. New York City Sch. Constr. Auth.*, 910 N.Y.S.2d 405, 2010 WL 1444513, at *8 (Sup. Ct. N.Y. County April 2, 2010) (holding "sporadic racial slurs, even if those slurs are offensive" are not sufficiently severe and pervasive to support a hostile work environment claim under the NYSHRL); *Hanna*, 851 N.Y.S.2d at 826 (dismissing NYCHRL hostile work environment claim where "employee alleged only occasional incidents and remarks").

Here, Benardo has failed to allege conduct that is sufficiently severe or pervasive to be actionable. Indeed, in determining whether the complained-of conduct is severe or pervasive, most if not all of the alleged conduct must be excluded from consideration because, as shown above, none of the alleged conduct was based on Benardo's purported non-conforming gender role and the alleged conduct from 2006 and 2007 is outside of the applicable limitations period. However, even if all of Bernardo's complained-of conduct is considered, such alleged conduct consists of only a few sporadic verbal slurs made on three separate and distinct occasions, each lasting only one to a few days, spread out over the course of four years. Such remarks do not constitute the "continuous and concerted" verbal abuse that is necessary to give rise to an actionable hostile work environment. *See, e.g., Garone*, 436 F. Supp. 2d at 464 (surveying

Circuit Court cases in which the alleged conduct was held to be insufficiently severe or pervasive to constitute a hostile work environment).[8]

## VI.

## THIS ACTION IS IMPROPERLY VENUED IN NEW YORK

This action must also be dismissed because this judicial district in New York is an improper place of venue for this action.  Referring to 28 U.S.C § 1391(b)(2), Benardo alleges that venue in this Court is proper "because a substantial part of the events giving rise to this claim [allegedly] occurred in this judicial district."  (Complaint ¶ 10.)  Title VII's own venue provision is similar, providing venue "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 USC § 2000e-5(f)(4).  However, as discussed above, the *only* complained-of conduct alleged to have occurred in New York was a *single* alleged comment to Benardo in 2006 to "gay it up."  Such alleged comment hardly constitutes "a substantial part of the events giving rise to [Benardo's] claim[s]" and, in any event, such alleged conduct may not serve as a basis for bringing this action in New York because, as shown above, the comment occurred outside of the applicable limitations periods and, therefore, may not serve as a basis for any of Benardo's claims.

_____

[8] The Circuit Court cases cited in *Garone* found the following conduct to be insufficiently severe or pervasive to constitute an actionable hostile work environment:  (a) in a four-month period, repeated sexual jokes, and at least five other sexually offensive remarks; (b) in a sixteen-month period, five sexually offensive statements, including one made while harasser had his arm around the plaintiff and was peering down her dress; (c) in a twenty-five-month period, eight incidents of alleged racial harassment; (d) in a seven-month period, nine sexually offensive incidents, including repeated references to plaintiff as a "pretty girl," grunting noises when she wore leather skirt, and one episode of simulated masturbation; and (e) in a three-year period, several sexually derogatory remarks about women by one or more men, a sexual advance at a company dance, disruption of plaintiff's presentation by talking followed by comment on her legs, and a lascivious remark in a group setting by a company official predicting his sexual conquest of three female employees.  436 F. Supp. 2d at 467.

Accordingly, this action must be dismissed for improper venue. *See, e.g.*, 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice [which is not the case here], transfer such case to any district or division in which it could have been brought.") (emphasis added); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (affirming dismissal of Title VII action pursuant to 28. U.S.C. § 1406(a) for improper venue).

## VII.

### SUPPLEMENTAL JURISDICTION OVER BENARDO'S STATE AND LOCAL CLAIMS SHOULD BE DENIED

Benardo's NYSHRL and NYCHRL claims should be dismissed for the additional reason that, as shown above, his Complaint fails to state a claim under Title VII. Benardo bases jurisdiction over his state and local claims on supplemental jurisdiction under 28 U.S.C. § 1367. (*See* Complaint ¶ 9.) However, section 1367(c)(3) expressly provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Further, "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Mauro v. N.Y.C. Transit Auth.*, No. 09 Civ. 4732, 2010 WL 1424009, at *3 (S.D.N.Y. Apr. 9, 2010) (citation omitted); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Therefore, assuming that this Court dismisses Benardo's federal claims, this Court should also decline to exercise supplemental jurisdiction over and dismiss Benardo's claims under the NYSHRL and the NYCHRL. *See Cutler v. City of N.Y.*, No. 09 Civ. 5335, 2010 WL 3469474, at *8 (S.D.N.Y. Aug. 16, 2010) (declining to exercise supplemental jurisdiction over plaintiff's

16

NYSHRL and NYCHRL claims after dismissing plaintiff's claims under the Americans with Disabilities Act); *Mauro*, 2010 WL 1424009, at *3 (declining to exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims after dismissing plaintiff's Title VII claims); *Wharton v. Duke Realty, LLP*, 467 F. Supp. 2d 381, 393 (S.D.N.Y. 2006) (declining to exercise supplemental jurisdiction over plaintiff's NYSHRL claims after dismissing plaintiff's ERISA claims).

## <u>CONCLUSION</u>

For all the reasons set forth above, AIP respectfully submits that Plaintiff's Complaint and each cause of action therein should be dismissed in its entirety with prejudice.

Dated: New York, New York
      March 8, 2011

                        LOEB & LOEB LLP


                        By: _____
                              Mark J. Goldberg (MG-2398)
                         345 Park Avenue
                         New York, New York 10154
                         (212) 407-4000

                              and

                        LOEB & LOEB LLP

                        Ivy Kagan Bierman, Esq.
                        Catherine Brito, Esq.
                        10100 Santa Monica Blvd., Suite 2200
                        Los Angeles, California 90067
                        (310) 282-2000

                        *Attorneys for Defendant American Idol*
                        *Productions, Inc.*